FORM



# Fenn Manufacturing
A United Dominion Company
F.A.A. Repair Station No. FNGR828K

## PURCHASE ORDER GENERAL TERMS AND CONDITIONS

The following provisions, terms and conditions applicable to this Purchase Order (hereinafter referred to as "Order") additionally apply to all Change Notices issued in amendments to this Order as though printed thereon:

1. **AGREEMENT** - THIS ORDER CONTAINS THE ENTIRE AGREEMENT BETWEEN THE BUYER AND SELLER AND IS NOT SUBJECT TO VARIATION, IRRESPECTIVE OF THE WORDING OF SELLER'S ACCEPTANCE, WITHOUT THE PRIOR WRITTEN AGREEMENT BY BUYER'S PROCUREMENT REPRESENTATIVE. ANY ADDITIONAL OR DIFFERENT TERMS OF SELLER'S ACCEPTANCE ARE HEREBY EXPRESSLY REJECTED. THIS ORDER BECOMES A BINDING CONTRACT INCLUDING ALL TERMS AND CONDITIONS CONTAINED HEREIN AND/OR CONTAINED IN DOCUMENTS ATTACHED HERETO AS SPECIFIED, WHEN IT IS ACCEPTED BY THE SELLER, EITHER BY ACKNOWLEDGEMENT OR THE COMMENCEMENT OF PERFORMANCE HEREOF. This agreement is entered into in the State of the Buyer's office as indicated on the face of the Order.

2. **DEFINITIONS** - As used herein, "Buyer" means the Fenn Manufacturing Company issuing the order; "Seller" means the person(s) or company to whom this Order is issued; "FAR" means the Federal Acquisition Regulations.

3. **PACKING AND SHIPPING** - All items shall be prepared for shipment and packed in accordance with sound commercial practices to prevent damage or deterioration, secure lowest transportation rates, and comply with carrier tariffs. No charges will be paid by Buyer for preparation, packing, crating or cartage unless so stated in this order. All shipments to be forwarded on one day via one route shall be consolidated. Each container shall be consecutively numbered and marked with the applicable Order number and part number. Container and Order numbers shall be indicated on the bill of lading. Two copies of the packing sheets, showing the Order number, shall be attached to the No. 1 container of each shipment. Items sold F.O.B. place of shipment shall be forwarded freight charges collect. Seller shall make no declaration concerning value of the product shipped, except where the tariff rating or rate is dependent upon the released or declared value, in which event such value shall be released or declared at the maximum value for the lowest rating or rate. All items to be shipped F.O.B. Seller's plant. F.O.B. city of origin or F.O.B. shipping point also shall be delivered by Seller F.O.B. equipment of carrier designated by Buyer at the nearest point such equipment is available, except that LCL rail shipments shall be delivered to carrier.

4. **DELIVERY** - It is agreed that time is of the essence in the performance of this Order. Deliveries shall be in strict accordance with the schedule and quantities as specified in this Order. If it appears that Seller's deliveries will not meet such schedule or if Seller's deliveries fail to meet such schedule, upon request by Buyer, and in addition to any other rights or remedies provided to Buyer by law or under this Order, Seller shall ship via expedited routing necessary to meet such schedule or to recover the maximum possible time lost by failure to deliver on schedule, and the cost difference between the expedited routing and the order routing shall be borne by Seller. Notwithstanding the foregoing, Seller shall not be liable for delay in delivery due to causes beyond Seller's control and without Seller's fault or negligence, provided Seller exercises due diligence in promptly notifying Buyer in writing of the conditions which will result in delay, and provided further, if Seller's delay is caused by the default of a subcontractor or supplier, such default arises out of causes beyond the control of both Seller and the subcontractor or supplier, and without the fault or negligence of either of them, and the supplies or services to be furnished by the subcontractor or supplier were not obtainable from other sources in sufficient time to permit Seller to meet the required delivery schedule. Unless otherwise agreed in writing, Seller shall not make material commitments, manufacture or ship supplies covered by this Order in excess of the quantity specified or in advance of the time necessary to meet Buyer's delivery schedule. This Order may not be undershipped in regards to the quantity specified and shall not be overshipped of the quantity specified except with the express written permission of the Buyer. At Buyer's option any such deliveries may be returned to Seller at Seller's expense or payment deferred to the date payment would according to the specific schedule.

5. **INSPECTION AND ACCEPTANCE** - All Materials, articles manship shall, during the performance of this Order, be made inspection and test at Seller's plant by authorized representat and/or Government. Seller shall provide a complete insp satisfactory to the Buyer, covering the inspection and cert materials, fabricating methods, jigs, dies and finished a inspection or test is made by Buyer on Seller's premises, th without additional charge, provide all reasonable facilities for the safety and convenience of Buyer's inspectors in the p their duties. All articles furnished under this order shall be inspection and acceptance by Buyer after delivery to destin standing prior payment, it being expressly agreed that pay constitute final acceptance. Without limitation as to B recover all expenses reasonably related to breach, Buyer ma return for credit or reject any articles which contain defect workmanship or do not conform to specifications or sam relating to and risks connected with articles or services rej shall be borne by Seller and all rejected articles or ser returned by Buyer to Seller at Seller's risk and expense at price, plus applicable transportation charges. Unless Sell corrects rejected articles and tenders such replacemen articles within the delivery schedule specified for the re Buyer may, at its option, terminate this Order for default correct such articles and charge to Seller the cost occasion accept the late tender and/or defective articles at an equitab price. Materials ordered herein may not be accepted unless a proper certification confirming adherence to applicable sp the certificates and/or test reports are in the Seller's files, sub review.

6. **INVOICES AND PAYMENT** - Seller, upon submission of p will be paid the prices stipulated herein for supplies , accepted, or services, rendered and accepted, less deduct herein provided. Cash discount calculation is determined by of supplies or services or receiving date or correct invoice, later. Invoice must not be dated prior to shipment of supplies. Pa be made in accordance with the terms of this Order. Buyer's ch accepted in payment without discount for collection. Payme subject to deductions of any valid claim of Buyer against Sell from this or any other transaction, including, but not limited to adjustment for shortages and for allowance for supplies re expense of rework incurred by Buyer. If terms of this Order do on or agree with Seller's invoice as rendered, Seller agrees tha change the invoice to conform to this Order and make payme or return such invoice to Seller for correction prior to payme be entitled at all times to set off any amount owing at any ti to Buyer against any amount payable by Buyer to Seller.

7. **WARRANTY** - Seller warrants that all articles, materi services furnished hereunder will be free from defects in workmanship, will conform to applicable specifications, d plan, and descriptions, and, if of Seller's design, will be fr defects and fit for the intended use. Except as may be otherw the specifications applicable to this Order or other document herein by reference, these warranties shall remain in effect f one (1) year from delivery to Buyer. If the materials, article of services to be provided hereunder are incorporated by Bu resale by Buyer, said one (1) year period shall begin as the d delivery of any such resale items to its customers. The afo warranties shall be in addition to any standard warranty of Seller and any warranties otherwise created by operati warranties and guarantees shall run to Buyer and Buyer's c

8. **CHANGES** - Buyer may at any time, by a written notic notice to the sureties, make changes within the general scop in any one or more of the following: (i) drawings, designs, or (ii) method of packing or shipment; (iii) place of inspection, a or point of delivery, (iv) specified quantities; (v) the period o of work; (vi) data requirements, and Seller shall comply the

any such change cause an increase or decrease in the cost of, or the time required for performance of this Order, an equitable adjustment shall be negotiated for this order and the Order will be modified accordingly. No claim by Seller for such adjustment will be valid unless submitted to Buyer within fifteen (15) days from Buyer's written notice of such change, or such longer period as may be authorized by Buyer in writing. Where the cost of property made obsolete or excess as a result of a change is included in Seller's claim, Buyer shall have the right to prescribe the manner of disposition of such property. Failure to agree on any claim for equitable adjustment under this clause shall be considered a dispute and either party may thereupon pursue any remedy which it may have pursuant to Article 30. Nothing contained in this clause shall relieve Seller from proceeding without delay in the performance of this Order as changed. Buyer and Seller agree that there shall be no adjustment in the price or time for performance hereunder unless an authorized representative of Buyer's Procurement Department shall have directed a change thereto by the issuance of a written notice as provided by this clause. Seller shall advise Buyer's Procurement Department if Seller receives, from any source other than that Department, any notification which Seller regards as a change to this Order. Seller shall provide such advice, in writing, no later than Five (5) working days from receipt of any such notification, and prior to taking any action in accordance therewith.

9. TERMINATION CANCELLATION/STOP WORK -

   (a) Termination-Convenience: The performance of work under this Order may be terminated, in whole or part, by Buyer for Buyer's convenience in accordance with the "Termination" clause in FAR 52.249-2, which is incorporated hereby by reference; except "Government" and "Contracting Officer" means Buyer, and "Contractor" means Seller as used therein; delete (c); insert "6 months" in lieu of "1 year" in (d); and insert "45 days" in lieu of "90 days" in (k).

   (b) Termination-Default: This order may be terminated, in whole or part by Buyer for default in accordance with the "Default" clause in FAR 52.249-8, which is incorporated herein by reference, except "Government" in all paragraphs other than (c) means Buyer, "Contractor" means Seller, and the reference to a Disputes clause refers to Article 30 hereof. If the parties fail to agree on the amount to be paid for manufacturing materials referred to in paragraph (d) of the "Default" clause, the amount shall be the reasonable value thereof (not to exceed a reasonably allocable portion of the price of this Order).

   (c) Termination/Cancellation-Other: By written notice to Seller, Buyer may cancel this Order, in whole or part, in the event of suspension of Seller's business, insolvency of Seller, institution of bankruptcy, reorganization, arrangement or liquidation proceedings by or against Seller, appointment of a trustee or receiver for Seller's property or business or any assignment by Seller for the benefit of creditors. Such cancellation shall be deemed "for default" in accordance with paragraph (b) of this clause and the rights and obligations of the parties shall be determined as therein provided.

   (d) Stop Work: The Buyer may, by written notice to Seller, require the Seller to stop for a period not to exceed ninety (90) days all, or any part of the work called for by this Order in accordance with the "Stop Work Order" clause in FAR 52.212-13, which is incorporated herein by reference, except "Government" and "Contracting Officer" means Buyer, and "Contractor" means Seller as used therein, and insert "20 days" in lieu of "30 days" in (b)(2).

10. PATENT INDEMNITY - To the extent that the items ordered have not originated with Buyer, Seller guarantees that the sale and/or use of such items delivered hereunder, and their manufacture by Seller will not infringe upon any United States or foreign patents or copyrights and agrees to indemnify and save Buyer and/or its successors, assigns or customers harmless from any expense, loss, damage or liability which may be incurred on account of any such infringement or alleged infringement with respect to such items, and to defend, at its own expense any actions, suits or claims against it which infringement is alleged, provided Seller is notified as to such actions, suits or claims against Buyer and is given full and exclusive control of the defense and all negotiations relative to the settlement thereof to the full extent of the ability of Buyer to do so. Buyer agrees, to the extent of its ability to do so, to supply any pertinent evidence needed to defend any such action, suit, or claim but only at the expense of Seller.

11. NON-DISCLOSURE - Except to the extent necessary to perform this Order, Seller shall not, without first obtaining the written consent of Buyer, reveal information to third parties (except the Government if Article 31 applies hereto) concerning the award and performance of this Order.

12. SUBCONTRACTING - Seller agrees to obtain Buyer's written approval before subcontracting this Order or any substantial portion thereof; provided however that this limitation shall not apply to the purchase by Seller of standard commercial supplies or raw material. Seller shall select subcontractors (including suppliers) on a competitive basis to the maximum practicable extent consistent with the requirements of this Order. Buyer approval of any such contract submitted for approval shall not relieve seller from any obligation imposed by this Order or impose on buyer any responsibility for the work to be performed under such subcontract.

13. ASSIGNMENT - Seller may not assign this Order or any portion thereof, except that claims for monies due or to become due hereunder may be assigned by Seller to a bank, trust company, or other financial institution including any federal lending agency. Any such assignment shall cover all amounts payable under this order and not already paid, and shall not be made to one party as agent or trustee or to two or more parties participating in such financing. Seller shall supply Buyer immediately with two copies of any such assignment and shall indicate on each invoice to whom payment is to be made. Payments to an assignee of any monies due or to become due hereunder shall be subject to set-off or recoupment for any present or future claim or claims which Buyer may have against Seller arising under this or any other Order, and Buyer may, without notice to the assignee, make direct settlement and/or adjustments in price with Seller binding both Seller and assignee.

14. CONFIDENTIAL DISCLOSURE - Seller shall keep confidential all designs, processes, drawings, specifications, reports, data, and other technical or proprietary information and the features of all parts, equipment, tools, gauges, patterns, and other items furnished or disclosed to Seller by Buyer. Unless otherwise provided herein or authorized by Buyer in writing, Seller shall use such information and items, and the features thereof, only in the performance of this Order, thus, Seller shall not sell, or otherwise dispose of as scrap or otherwise any completed or partially completed or defective goods without defacing or rendering such goods unsuitable for use. Upon completion or termination of this Order, Seller shall, at Seller's expense, make such disposition of all such information, items and goods as herein required or as may be subsequently directed by Buyer.

15. INTERPRETATION OF ORDER - The provisions of this Order shall be governed by and construed according to the Laws of the State of the Buyer's office indicated on the face of this Order.

16. INDEMNIFICATION - In the event Seller, its employees, agents, subcontractors and/or lower-tier suppliers, in the performance of this Order, enter premises occupied by or under the control of Buyer, Seller shall indemnify and hold harmless Buyer, its officers and employees from any loss, cost, damage, expense or liability by reason of property damage or personal injury of any nature or kind arising out of, as a result of, or in connection with such performance if occasioned in whole or in part by the actions or omissions of Seller, its employees, agents, subcontractors and/or lower-tier suppliers. Without in any way limiting the foregoing undertakings, Seller and its subcontractors lower-tier suppliers shall maintain proper public liability and property damage insurance in reasonable limits covering the obligations set forth above, and shall maintain proper Workmen's Compensation Insurance covering all employees performing this order.

17. TAXES - Buyer agrees to pay any Federal excise tax or State or local sales tax for which liability arises on account of the Sale to Buyer of the supplies ordered hereunder provided this Order is designated on its face as a "taxable" Order. Except as herein stated, Seller agrees that all Federal or State or local taxes measured by gross proceeds of sale which are imposed on Seller by reason of this order are included in the price of the supplies ordered hereby.

18. BUYER-FURNISHED PROPERTY - Seller agrees that it will use any design, tools, patterns, drawings, information, material and/or equipment furnished by Buyer only in the production of the articles called for herein; will not use such items for the production or manufacture of larger quantities than those specified herein; will not use any other items in lieu thereof, and will not reveal information proprietary to Buyer unless with Buyer's written consent; provided, however, the Seller may produce items for direct sale to the U.S. Government where the U.S. Government has the right to use the equipment, tools, gauges, patterns, designs, drawings, engineering data or other technical or proprietary information furnished by Buyer to Seller which are required to produce the items. Buyer does not warrant the accuracy of tools and fixtures which it furnishes and all work must be in strict accordance with specifications. Seller agrees to assume full responsibility for tooling and equipment furnished by Buyer. Such responsibility shall include tool wear and replacement necessitated by normal production use. Title and right of immediate possession of all such items will remain as Buyer's except as to Government property in which case the title shall remain with the Government. Seller agrees to maintain inventory control for such items adequate to the Buyer and furnish inventories of such items upon request. When Buyer furnishes materials, parts, tooling and/or other property, Seller's shipper and final invoice must contain the statement "All materials, parts, tooling or other property furnished and/or acquired under this Purchase Order (except those which became normal industrial waste or were replaced at Seller's expense) have been returned in the form of parts, unused material and/or tooling." Proceeds of scrap salvage shall accrue to Seller and are reflected in the prices stated herein. If a defect is alleged by Seller and confirmed by Buyer, Seller's sole remedy will be to require Buyer to deliver a replacement for defective material. Additional material supplied as a result of Seller's spoilage will be charged to Seller at Buyer's cost plus handling. Such charges may be deducted from any amounts due Seller. Spoiled and unused material shall be returned F.O.B. Buyer's plant or credit allowed at prevailing market prices at Buyer's option. Buyer reserves the right to retain 10% of the total amount of Seller's invoices until all requirements of this clause have been fulfilled. Upon completion or a termination of this Order, all items furnished shall be returned to the Buyer.

10/21/98

Page 2

19. **EXCLUSIVE USE OF SELLER'S TOOLING** - Any tooling manufactured hereunder for the performance hereof and identified as Seller's Tooling will be permanent and title thereto will remain with Seller. Notwithstanding Seller's retention of title, such tooling will be retained, stored, replaced if necessary, and maintained for the exclusive use of Buyer at no additional cost to Buyer, and in no event will Seller use such tooling in the manufacture of goods or the performance of services for anyone other than Buyer or permit its use by any person other than Buyer or Seller, or dispose of any such tooling without the prior written agreement of Buyer.

20. **SPECIAL BUYER TOOLING** -

    (a) Except as may be otherwise provided for in this Order, jigs, dies, fixtures, molds, patterns, special gauges, special test equipment and other items of special tooling shall be furnished by and at the expense of Seller. Such special tooling shall be kept in good condition by the Seller and when necessary shall be replaced by Seller all without expense to Buyer. Title to such special tooling shall remain with Seller, except that buyer may, at any time, reimburse Seller for the negotiated price of all or part of such special tooling, and upon payment therefore shall become the owner thereof, entitled to possession at the completion of this Order, or such earlier date as the parties may agree.

    (b) If the prices stated on the face of this Order include, as a separate item, a figure covering the cost of any jigs, tools, dies or other equipment used in filling this order, they shall become the property of Buyer and title thereto and the right of immediate possession thereof shall exclusively vest in Buyer (i) in cases where purchased outside of Seller's organization, at the time they are first delivered to Seller or its agents and before any use is made thereof by Seller or its agents or (II) in cases where manufactured by Seller within its organization, at the time of acquisition of material and/or component parts which make up any of such jigs, tools, dies or other equipment. Such equipment shall be immediately identified as the property of Buyer and upon completion of this order shall be disposed of as Buyer may direct, or will be delivered with final shipment of the parts to the Buyer.

    (c) All such equipment described in 20. (b) above, will be identified as Buyer's property in accordance with Buyer's instructions and in no event will Seller dispose of, use, or permit its use by parties other than the Buyer without prior written Agreement of the Buyer. As a condition of payment therefore, Seller agrees to provide Buyer with a certified tool list.

    (d) If a Government contract number appears on the face of this Order, Articles 19 and 20 (a) through (c) are inapplicable and Seller shall be responsible for such tooling and equipment in accordance with the provision of FARs 52.245-2, -17, and -18 under Article 31 (c).

21. **SPECIFICATIONS** - All material or equipment listed herein to which Buyer and/or Government specifications are applicable must comply with such specifications current as of the date of this Order, or, if this Order is issued under a Government prime contract, as of the date of that prime contract. Should applicable specifications or any material or equipment listed by the Buyer or Government be revised prior to shipment, Seller, upon written consent of Buyer shall furnish such material or equipment in accordance with the revised specification or list.

22. **LICENSE** - If performance under this Order requires any research or development work, the Buyer shall be granted an exclusive, royalty-free, irrevocable license to practice in the manufacture, use and disposition of any article, material, method or service, any patent, patent application, invention improvement or discovery (whether or not patentable) conceived or first actually reduced to practice, either in the performance of any work related to the subject matter of this Order or in the course of any work which was done upon the understanding that the Order would be awarded. Buyer may sell or otherwise transfer such license without restriction. If data of any sort is specified for delivery under this Order, Seller grants to Buyer a royalty-free, exclusive, irrevocable license to publish, produce, transfer, or otherwise use and authorize others to use such data, whether or not covered by copyright; provided that if such data is not originated in the performance of this Order and is copyrighted, such license shall be granted only to the extent Seller now has or acquires the right to grant the license without becoming liable to pay compensation to others solely because of such grant. Seller shall inform Buyer as to any data delivered under this Order, the use of which may create liability to third parties.

23. **INDEPENDENT CONTRACTOR** - It is understood and agreed that Seller shall be deemed to be an independent contractor in all its operations and activities hereunder; and that the employees furnished by Seller to perform work hereunder shall be deemed to be Seller's employees exclusively without any relation whatever to Buyer as employees or as independent contractors; that said employees shall be paid by Seller for all services in this connection; that Seller shall carry workmen's compensation insurance and that Seller shall be responsible for all obligations and reports covering social security, unemployment insurance, and workmen's compensation, income tax, and other reports and deductions required by State and/or Federal Law.

24. **WAIVER** - The failure of Buyer to enforce at any time any of the provisions of this Order, or to exercise any option herein provided, or to require at any time performance by the Seller of any of the provisions hereof, shall in no way be construed to be a waiver of such provisions nor in any way to affect the validity of this agreement or any part thereof, or the right of Buyer thereafter to enforce each and every provision.

25. **GRATUITIES AND CONTINGENCIES** -

    (a) Seller agrees that in consideration of this Order, neither Seller nor any agent or representative of Seller has nor will pay any fees, commissions, percentages, brokerage fees or other sums to persons contingent upon or resulting from execution of this Order (other than bona-fide employees of established commercial or Seller agencies used by Seller for the purpose of securing business) nor has or will Seller extend or offer any form of compensation or remuneration to Buyer's employees for the purpose of securing this Order, or obtaining favorable treatment with respect to Seller's performance of this Order.

    (b) In the event of breach or violation of the agreements described in (a) above, Buyer shall have the right, at its option to terminate this Order for default without liability, or at its option may deduct from amounts that otherwise may be owed Seller the full amount of any such fees, commission, remuneration or other sum. Such rights and remedies of Seller shall be in addition to any other rights and remedies provided by law or under the terms of this Order.

26. **INJUNCTIVE RELIEF** - Seller acknowledges and agrees that failure to deliver goods or services that conform to requirements of this Order in a timely manner will seriously affect Buyer's production schedules and costs and result in damage to Buyer. Seller also acknowledges that the amount of such damages is difficult if not impossible to calculate in monetary terms and that such goods, materials and services are unique and cannot be purchased on the open market. Therefore, in event that Seller fails to perform its obligations under this Order, or fails to make progress so as to endanger performance of this Order in accordance with its terms, Seller agrees to deliver any supplies and manufacturing materials, as defined in FAR 52.249-8(e), pertaining to this Order within 48 hours of Buyer's written demand therefor. If Seller fails to deliver, Seller hereby agrees and consents to entry of an injunction (by a court of competent jurisdiction) prohibiting such failure, on Buyer's application therefor, reciting the facts of Seller's failure to deliver in spite of Buyer's demand. However, delivery of supplies and manufacturing materials in response to Buyer's demand, or as a result of court order shall not affect Buyer's liabilities to Seller, if any, for goods and services previously furnished by Seller and accepted by Buyer. Buyer shall be entitled to recover its costs and attorney's fees incident to obtaining the injunction provided for herein.

27. **OTHER RIGHTS AND REMEDIES** - The rights and remedies herein reserved to the Buyer shall not be exclusive and shall be cumulative and additional to any other or further rights and remedies provided in law or equity. If any provision of this Order is or becomes void or unenforceable by force or operation of law, all other provisions shall remain valid and enforceable.

28. **ORDER OF PRECEDENCE** - In the event of any inconsistency in this contract, unless otherwise provided herein, the inconsistencies shall be resolved by giving precedence in the following order (a) The special provisions appearing on the face of the Order; (b) these Purchase Order General Terms and Conditions; (c) the Specifications; (d) the drawings; (e) the other provisions of the contract, whether incorporated by reference or otherwise.

29. **COMPLIANCE WITH LAWS AND REGULATIONS** - Seller warrants that Seller's performance of this contract will comply with all applicable federal, state, and local law regulations. On its invoice or in other form satisfactory to Buyer, Seller shall submit certification that the goods covered by this contract were produced in compliance with all applicable requirements of Sections 6, 7, and 12 of the Fair Labor Standards Act, as amended, and of regulations and orders of the U.S. Department of Labor issued under Section 14 thereof.

30. **DISPUTES** - Except as otherwise provided in the Order, the Seller may appeal any decision of Buyer concerning an issue of law, fact or contractual interpretation arising under the Order which is not disposed of by agreement, by pursuing any right or remedy which Seller may have in law or equity in any United States court of competent jurisdiction. Pending the final decision on a dispute hereunder, the Seller shall proceed diligently with its performance of the Order obligations in accordance with the direction of the Buyer.

Page 3

10/21/96