UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BODYCOTE (SOUTHWEST), INC., ) <br> a Texas corporation, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> UNITED DOMINION INDUSTRIES, INC. ) <br> d/b/a Fenn Manufacturing Company, a ) <br> Delaware corporation, ) <br>  ) <br> Defendant. ) | Case No. 3:01 CV 1985 (MRK) <br><br><br> December 2, 2003 |

### PLAINTIFF'S REPLY TO DEFENDANT'S AMENDED COUNTERCLAIM

Plaintiff Bodycote (Southwest), Inc., for its Reply to the Amended Counterclaim of Defendant United Dominion Industries, Inc. d/b/a Fenn Manufacturing Company, states as follows:

1. Plaintiff denies the allegations of the first and fifth sentences of paragraph 1, and admits the second, third, and fourth sentences.

2. Plaintiff denies the allegations of paragraph 2.

3. Plaintiff denies the allegations of paragraph 3, except that Plaintiff admits Defendant unjustifiably demanded compensation from Plaintiff, that any alleged liability of Plaintiff to Defendant is in fact limited to an amount equal to two times the charges for all



NEW HAVEN, CONN.
DISTRICT
2003 DEC -2 P 4: 42
FILED

work performed as more specifically described in Plaintiff's Complaint for Declaratory Judgment, and that such amount was tendered by Plaintiff and rejected by Defendant prior to commencement of this action.

4. Plaintiff denies the allegations of paragraph 4.

5. Plaintiff is unable to admit or deny the allegations of paragraph 5, except that Plaintiff admits that Defendant manufactures machined parts for military aircraft.

6. Plaintiff is unable to admit or deny the allegations of paragraph 6, except that Plaintiff admits that Defendant manufacturers a helicopter part known as a swash plate for Boeing.

7. Plaintiff denies the allegations of paragraph 7, except that Plaintiff admits that Boeing specifies that swash plates be heat treated in accordance with Boeing specification BAC 5617.

8. Plaintiff is unable to admit or deny the allegations of paragraph 8.

9. Plaintiff is unable to admit or deny the allegations of paragraph 9.

10. Plaintiff is unable to admit or deny the allegations of paragraph 10, except that Plaintiff admits that Defendant requested a quotation for heating treating services of swash plates and that Plaintiff provided a quotation subject to the MTI Statement of Liability and Plaintiff's Terms and Conditions.

11.    Plaintiff denies the allegations of paragraph 11, except that Plaintiff admits that in response to Plaintiff's offer to provide heat treating services subject to the above-described limitations, Defendant sent swash plates with accompanying purchase orders to Plaintiff for treating. Although the documents attached to Defendant's answer are somewhat illegible, such documents appear to be copies of some purchase orders received by Plaintiff.

12.    Plaintiff admits that with respect to the Defendant's purchase orders received, such purchase orders contained the quoted statement.

13.    Plaintiff is unable to admit or deny the allegations of paragraph 13.

14.    Plaintiff denies the allegations of paragraph 14

15.    Plaintiff admits the allegations of paragraph 15, except that Plaintiff denies that the attachments contain the full reports provided by Plaintiff.

16.    Plaintiff admits the allegations of paragraph 16

17.    Plaintiff denies the allegations of paragraph 17.

18.    Plaintiff denies the allegations of paragraph 18, except that Plaintiff admits that Defendant did not deliver all treated swash plates to Boeing.

19.    Plaintiff is unable to admit or deny the allegations of paragraph 19.

20. Plaintiff denies the allegations of paragraph 20, except that plaintiff admits that Defendant without justification demanded that Plaintiff compensate Defendant for its alleged losses, and that Plaintiff refused such demand but offered and subsequently tendered the full amount of any alleged liability for the heat treating of all swash plates.

21. Plaintiff denies the allegations of paragraph 21, except that Plaintiff admits that it has without admitting liability tendered to Plaintiff the full amount of any potential liability it may have to Defendant.

22. For its response to paragraph 22, Plaintiff incorporates its answers set forth above.

23. Plaintiff denies the allegations of paragraph 23.

24. Plaintiff denies the allegations of paragraph 24.

25. Plaintiff denies the allegations of paragraph 25.

26. Plaintiff denies the allegations of paragraph 26.

27. Plaintiff denies the allegations of the first sentence and admits the second and third sentences of paragraph 27.

28. Plaintiff denies the allegations of paragraph 28.

29. For its response to paragraph 29, Plaintiff incorporates its answers set forth above.

30. Plaintiff denies the allegations of paragraph 30.

31. Plaintiff denies the allegations of paragraph 31.

32. For its response to paragraph 32, Plaintiff incorporates its answers set forth above.

33. Plaintiff denies the allegations of paragraph 33.

34. Plaintiff denies the allegations of paragraph 34.

35. Plaintiff denies the allegations of paragraph 35.

36. Defendant has failed to state a claim upon which relief may be granted.

## FIRST SPECIAL DEFENSE

Defendant's claim is barred in whole or in part by its negligence.

## SECOND SPECIAL DEFENSE

Defendant has failed to mitigate its damages.

## THIRD SPECIAL DEFENSE

To the extent Defendant asserts a claim wholly at odds with the terms of the limitation of liability to which it agreed, then Plaintiff was fraudulently induced to provide heat treating services to Defendant, and which conduct serves as a complete defense to any liability that Plaintiff might otherwise have to Defendant.

WHEREFORE, having fully answered, Plaintiff prays that Defendant take nothing by reason of its counterclaim, and that Plaintiff be awarded its costs, and such other and further relief as the Court deems proper.

Respectfully submitted,

William J. Melley III
LAW OFFICES OF WILLIAM J. MELLEY III
250 Hudson Street
Hartford, Connecticut 06106
Phone (860) 247-9933
Facsimile (860) 247-9944
Attorneys for Plaintiff

OF COUNSEL:
Randall G. Vaughan, Esq.
PRAY, WALKER, JACKMAN,
  WILLIAMSON & MARLAR
900 ONEOK Plaza
100 West Fifth Street
Tulsa, OK   74103-4218
Phone (918) 581-5500
Facsimile (918) 581-5599

6

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of December, 2003, a copy of this pleading was served upon the following attorney(s) of record by ( X ) regular mail  (   ) hand delivery (   ) facsimile:

Michael D. O'Connell, Esq.
Diane C. Mokriski, Esq.
O"CONNELL, FAHERTY & ATTMORE
280 Trumbull Street
Hartford, Connecticut  06103-3598

Ross B. Bricker, Esq.
David C. Layden, Esq.
JENNER & BLOCK, LLC
One IBM Plaza
Chicago, Illinois  60611

Joseph P. Covington
JENNER & BLOCK, LLC
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C.  20005-3068

_____
William J. Melley, III